**CONTINENTAL NUT COMPANY,**
Appellant,

v.

**CORDON BLEU, LTEE,** Appellee.
Patent Appeal No. 74-529.

United States Court of Customs
and Patent Appeals.
April 25, 1974.

Robert H. Eckhoff, San Francisco, Cal., John F. Smith, Arlington, Va., attys. of record, for appellant.

C. Willard Hayes, Washington, D.C. (Cushman, Darby & Cushman, Washington, D.C.), atty. of record, for appellee.

Before MARKEY, Chief Judge, BALDWIN, LANE and MILLER, Judges, and WORLEY, Senior Judge.

---

WORLEY, Senior Judge.

Appellant, Continental Nut Company, seeks registration of "CORDON BLEU" as a trademark for edible shelled nuts.[1] Appellee, Cordon Bleu, Ltee, a Canadian corporation, opposes on its prior incontestable registrations of "CORDON BLEU" for certain named canned meat products adapted for use as spreads, tomato spread, pâté de foie, and canned whole chicken;[2] and for sugar, peanut butter, miscellaneous named canned goods, and certain named condiments and sauces.[3] The Trademark Trial and Appeal Board sustained the opposition.[4] The parties have submitted the case on the record and briefs. We affirm.

Appellant is the owner of an incontestable registration of "BLUE RIBBON" for "shelled and unshelled edible nuts."[5] The board rejected appellant's contentions that it is entitled to the registration of the mark "CORDON BLEU" because this mark can be translated from the French as "BLUE RIBBON" and that, under Morehouse Manufacturing Company v. J. Strickland and Company, 407 F.2d 881, 56 CCPA 946 (1969), the appellee cannot be damaged by issuance of the registration sought. In so doing, the board stated:

* * * notwithstanding that "CORDON BLEU" can be literally translated as "BLUE RIBBON," the marks in the United States project different impressions and would not be likely to be equated as identical expressions.

The board noted that it had sustained an opposition against the same application in a previous decision[6] and quoted from its opinion wherein it decided that Morehouse was not applicable to the facts of this case. The appeal of that decision is decided by this court of even date herewith.[7]

Turning to the question of likelihood of confusion, the board concluded:

The products of the parties are food items which applicant, in its answer to opposer's request for admissions, has acknowledged are generally sold [to] the same classes of purchasers in the same retail outlets including in the case of applicant's edible nuts and opposer's various spread products in the snack food sections of self-service markets. Under these circumstances, conditions do exist where the sale of these products under the identical mark "CORDON BLEU" is likely to cause purchasers encountering the products of the parties to attribute them to the same, although possibly anonymous, source, [footnote omitted].

Appellant's reliance on its registered mark "BLUE RIBBON" is misplaced. In Morehouse, the mark "Blue Magic," which the court held registerable, was essentially the same mark for which the applicant held an incontestable registration. For the same reasons set out in our opinion of this date in appeal PA 9251, the mark "CORDON BLEU," which appellant seeks to register here, is not essentially the same as its registered mark "BLUE RIBBON," so Morehouse is not applicable.

Concerning the issue of likelihood of confusion, we agree fully with the conclusion of the board quoted above.

The decision is affirmed.

Affirmed.

1. Serial No. 329,696 filed June 11, 1969 alleging first use in commerce on June 5, 1969.

2. Reg.No. 532,003 registered Oct. 17, 1950.

3. Reg.No. 660,848 registered April 22, 1958.

4. Digest at 180 USPQ 205 (TTAB 1973).

5. Registration No. 717,280 registered June 20, 1961 on an application filed October 24, 1960, affidavit Sec. 8 accepted, affidavit Sec. 15 received.

6. Le Cordon Bleu, S.a.r.l. v. Continental Nut Company, 177 USPQ 734 (TTAB 1973).

7. Continental Nut Company v. Le Cordon Bleu, S.a.r.l., Cust. & Pat.App. 494 F.2d 1395.